64822. WELLONS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant appeals the revocation of probation of his felony conviction in which he received a sentence on April 4, 1979, to serve four years on probation under the express conditions stated. The defendant contends that on the same day the state authorities delivered him to the United States government to begin serving a five-year federal sentence for which he ultimately served 28 months

in federal custody. He further contends he was released from federal custody on or about July 1981, hence his sentence had been served in confinement and he was not on probation on April 2, 1982, when his state probated sentence was revoked on the grounds that he had violated the conditions of his probation by committing the offenses of driving under the influence, criminal damage to property, leaving the scene of an accident, failure to report an accident and drinking intoxicating beverages. Defendant's sole enumeration of error is that his entire sentence has been served because of the earned time he had in serving his entire sentence. *Held:*

Defendant's basis for same is both the statutory good time and extra good time allowances under Code Ann. § 77-320 (Ga. L. 1956, pp. 161, 178; 1961, pp. 127, 128; 1964, pp. 495, 496; 1968, pp. 1399, 1404; 1976, pp. 949, 950; 1978, pp. 985, 986) and the rules and regulations promulgated by the Department of Offender Rehabilitation with reference to computation of good time allowances. See Code Ann. § 77-320.1 (Ga. L. 1976, pp. 949, 950; 1978, pp. 985, 988, 989; 1980, pp. 2002, 2003); Rule 125-2-2-.04. However, the defendant has never been a prisoner of the Department of Offender Rehabilitation so as to receive credit for statutory good time and extra good time allowances. His service was under the federal system during which time he was serving a four-year probated sentence imposed by a state superior court. He has had no earned time allowances awarded as he has never entered the Georgia prison system. The defendant received a probated sentence of four years provided he abided by certain conditions of personal behavior and violated no laws under the conditions of his probation. The defendant's four years of probation would be completed on April 3, 1983, his state sentence of probation having been imposed on April 4, 1979. Consequently, the remaining portion of his sentence has been revoked, and he is not entitled to be released by reason of having served his sentence by taking advantage of good time allowances referred to above.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 22, 1982.

*Sampson M. Culpepper,* for appellant.

*Willis B. Sparks III, District Attorney, Wayne Tillis, George F. Peterman III, Assistant District Attorneys,* for appellee.